*173
 
 Battle, J.
 

 The testimony, in this ease, is not materially variant from that given on the trial of the case
 
 oi Murphy
 
 v.
 
 the same
 
 defendant, and reported in 5 Jones’ Rep. 379. The principal defendant, Ilenry Troutman, was unquestionably guilty of negligence in not executing the writ of
 
 capias ad
 
 respondendum, which, as the sheriff of the county of Iredell, lie had in his hands against J.
 
 W.
 
 Houston. So far from making a diligent effort to arrest the debtor, as the exigency of the writ demauded, and as his duty required, he seems rather to have avoided a meeting with him, and to have contented himself with making a few enquiries about him, and at last, an exceedingly slow pursuit after him. The presiding Judge was, therefore, fully justified in his instruction to the jury, that the defendant was guilty of neglect in failing to make an arrest. The charge of his Honor was, in our opinion, equally correct on the question of damages. “ As the plaintiff had put the defendant
 
 in the wrong.
 
 he was liable for such damages as had been sustained thereby, which
 
 prima faeie
 
 was the amount of the debt that was lost, and it was for the defendant to mitigate the damages, by proving that the effect of his wrongful act was not so great, because the debtor, who had been suffered to leave the State, had not the ability to pay the debt, and his arrest would not have enabled the plaintiff to realize the amount, or any part thereof; or if a part, only, could have been thereby realized, then to limit his liability to that amount.” This was the doctrine held in the case of
 
 Murphy
 
 v.
 
 Troutman,
 
 above referred to, and although the English cases on the subject seem to be in a state of perplexing uncertainty, the current of decisions in the different States of the union, supports the conclusion at which we have arrived. See Sedgwick on Damages, 510,
 
 et
 
 seq, and 2 Hilliard on Torts, 340,
 
 et seq.
 
 The testimony offered by the defendants, to show that J. W. Houston was largely indebted, by notes and bonds, to different persons in the counties of Iredell and Rowan, was properly rejected, because it was immaterial and irrelevant. The object of the testimony was, we are told, to lessen the amount of damages to which the'
 
 *174
 
 plaintiff would have been otherwise entitled, because, it is argued, that the debtor would, if he had been arrested, probably, have assigned his property to secure the payment of those debts, and would thereby have diminished the plaintiffs’ chance to get theirs. This argument is fully answered by what was said by the Court in the somewhat similar case of
 
 Sherrill
 
 v.
 
 Shuford,
 
 10 Ire. Rep. 200. “If it can shield the sheriff in this case from answering in substantial damages* it will answer in any other, where the defendant may owe more than he. can pay. In all such cases, the officer may keep the writ in his pocket, and when sued, turn upon the plaintiff and say, ‘you have suffered no injury; if I had executed the writ and taken bail, the defendant might have paid away all his property, in discharge of other debts, and you would have got-nothing.’ This cannot be law'. The true enquiry is, has the defendant, by his negligence, deprived the plaintiff of any legal means of securing the payment of his debt ? If he has, and the debtor had property wdiich might, by duo process, have been subjected to it, he shall answer to the full amount of the debt.”
 

 Per Curiam,
 

 Judgment affirmed.